UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH SCOTT, individually and as Trustee of RYDAN PARK MASTER TRUST, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 14-cv-12614-IT |
| RESTAURANT TECHNOLOGIES, INC., | * * | |
| Defendant. | * | |

ORDER

April 30, 2015

TALWANI, D.J.

Restaurant Technologies, Inc. ("Restaurant Tech") filed a third-party complaint in this case on July 2, 2014. See Third-Party Compl. [#7]. The certificate of service filed by Restaurant Tech states that Third-Party Defendant European Quarry Imports, LLC was served on August 21, 2014. See Summons Returned Executed [#21]. However, Restaurant Tech has now brought to the court's attention that service was mistakenly executed on Frageo Enterprises, LLC (which does business under the trade name European Quarry Imports) rather than on European Quarry Imports, LLC. See Aff. Christopher R. Grote Supp. Def. & Third-Party Plaintiff Restaurant Technologies, Inc.'s Mot. Leave File Second Am. Third-Party Compl., Ex. 1 [#40-1]. As acknowledged by counsel for Restaurant Tech during the court's April 27, 2015 motion hearing, European Quarry Imports, LLC has not been served.

Pursuant to the Federal Rules of Civil Procedure and this court's Local Rules, service must be completed within 120 after the filing of a complaint. See Fed. R. Civ. P. 4(m) ("If a

defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); Local Rule 4.1 ("If on the 14th day following the expiration of the 120 day period good cause has not been shown [for failure to timely serve] . . . , the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of process . . . .").

More than 120 days have passed since July 2, 2014, and Restaurant Tech has not shown good cause for its failure to timely serve European Quarry Imports, LLC. On April 27, 2015, the court provided Restaurant Tech with notice that European Quarry Imports, LLC would be dismissed, and counsel did not object to this dismissal. Accordingly, pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 4.1(b), it is hereby ordered that the Third-Party Defendant European Quarry Imports, LLC is dismissed from this case without prejudice.

IT IS SO ORDERED.

Date: April 30, 2015  /s/ Indira Talwani
United States District Judge