UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH SCOTT, individually and as Trustee of RYDAN PARK MASTER TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> RESTAURANT TECHNOLOGIES, INC., <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 14-cv-12614-IT <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

May 1, 2015

TALWANI, D.J.

I.  Introduction

This case involves allegations by Plaintiffs that Defendant Restaurant Technologies, Inc. ("Restaurant Tech"), upon vacating its leased commercial premises, left behind cooking oil residue, staining, and spillage so extensive as to render the premises uninhabitable. Restaurant Tech denies any liability for the alleged damage and brings a third-party complaint for indemnification and contribution against its neighboring tenants, claiming that these tenants created or contributed to the damage to the premises' exterior.

Two neighboring tenants, IBA Molecular North America, Inc. ("IBA") and Atkinson Carpet Installation Company, Inc. ("Atkinson"), now move to dismiss Restaurant Tech's third-party complaint. See Mot. Dismiss Am. Third-Party Compl. [#22]; Mot. Dismiss Am. Third-Party Compl. [#29]. Restaurant Tech seeks to amend its third-party complaint to join another tenant, Frageo Enterprises, LLC ("Frageo"). See Mot. Leave File & Serve Second Am. Third-Party Compl. Add Frageo Enterprises, LLC Third-Party Def. [#38].

For the reasons set forth below, IBA and Atkinson's motions to dismiss are ALLOWED, Restaurant Tech's motion to amend is DENIED as futile, and the third-party complaint is DISMISSED without prejudice.

II.  Discussion

   A.  Motions to Dismiss the Third-Party Complaint

      1.  Factual Allegations

Plaintiffs allege waste, trespass, and breach of lease by Restaurant Tech for damages to the interior and exterior of Restaurant Tech's leased premises. See Am. Third-Party Compl., Ex. A [#18-1] [hereinafter Pls.' Compl.].[1] As related to the exterior of the premises, Plaintiffs allege that Restaurant Tech, which stores and transports used cooking oil as part of its business operations, caused oil staining to the premises' exterior southwestern wall, rear exit stairwell, northwestern entrance stairwell, loading dock area, and adjacent asphalt. Id. ¶¶ 9, 30(g-h). Plaintiffs further allege that Restaurant Tech was responsible for a spill of fifty to seventy-five gallons of cooking oil which caused dark soil staining along the southwestern and western edges of the leased premises. Id. ¶¶ 33-34. Soil samples from this area, which is generally downhill from the location of the spill, tested positive for a high concentration of fats, greases, and oils ("FOG"). Id. ¶¶ 38-44.

Restaurant Tech alleges that Atkinson and IBA "have either spilled or disposed of on or in the Common Areas [of the premises], material waste including but not necessarily limited to adhesive, lubricant, petroleum, chemical[,] and other wastes." Am. Third-Party Compl. ¶ 11 [#18]. According to Restaurant Tech, this disposal and spillage has caused or contributed to the

---

[1] Plaintiffs' complaint is attached to Restaurant Tech's third-party complaint, is integral to that complaint, and may properly be considered in resolving the pending motions. See Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996).

2

FOG concentrations found in the soil adjacent to the premises. Id. Restaurant Tech further alleges that Atkinson and IBA have used "various types of trucks and other vehicles" that have left oil and other wastes[2] causing or contributing to the FOG concentration. Id. ¶ 12.

2.   Indemnification

Absent an express or implied contractual agreement by one party to indemnify another, see Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Authority, 693 F.2d 1, 2 (1st Cir. 1982) (explaining contractual indemnification), indemnification is available only where a party "who is without fault . . . [is] compelled by operation of law to defend himself against the wrongful act of another." Elias v. Unisys Corp., 573 N.E.2d 946, 948 (Mass. 1991); see also Westfield v. Mayo, 122 Mass. 100, 1009 (1877) ("[Indemnification is available where] a party is obliged to defend against the act of another . . . and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own . . . ."). "This right to indemnity is limited to those cases in which the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another." Decker v. Black & Decker Mfg. Co., 449 N.E.2d 641, 645 (Mass. 1983); see also Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 479 N.E.2d 1386, 1388 (Mass. 1985).

Restaurant Tech does not allege the existence of any express or implied contractual relationship giving rise to a right to indemnification. Moreover, Restaurant Tech's third-party complaint is silent as to any other relationship between it and the third-party defendants that

---

[2] The third-party complaint alleges that Plaintiffs also seek recovery for damages to the premises' exterior caused by exhaust soot. See Am. Third-Party Compl. ¶ 10. Because Plaintiffs' complaint alleges damages from exhaust soot only to the interior of the premises, see Compl. ¶ 32, the court does not credit the third-party complaint's allegation as true. See Young v. Wells Fargo, 717 F.3d 224, 229 n.1 (1st Cir. 2013) (quoting Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000) ("[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.")).

would create derivative or vicarious liability. See Chapman v. Bernard's Inc., 198 F.R.D. 575, 579 (D. Mass. 2001) ("Bernard's is not an agent of [the co-defendant], nor does it have a relationship with that co-defendant from which it could be held vicariously or derivatively liable . . . . Accordingly, Bernard's is not entitled to indemnification . . . ."); Slocum v. Bonahue, 693 N.E.2d 179, 182-83 (Mass. App. Ct. 1998) (rejecting a claim for indemnification brought against a motor vehicle manufacturer by a driver who caused the death of a minor because "[u]nder no set of circumstances could the jury properly have held the [driver] liable . . . for the conduct of Ford"). If Restaurant Tech proves at trial that the oil damage was caused by some other party, or a substance other than cooking oil, "this will constitute an absolute defense to [Plaintiffs'] main action." Decker, 449 N.E.2d at 41. In contrast, if Restaurant Tech is found liable, that liability will be based on its own tortious conduct or breach of lease. In neither case, however, will liability be of a derivative or vicarious nature based on the acts of IBA or Atkinson. Id.

Restaurant Tech argues that its lease allows it to be held contractually liable to Plaintiffs for damages to the exterior of the premises even if those damages were caused by tortious acts of IBA or Atkinson. This argument fails for two reasons. First, the argument ignores the lease's express language, which states that Restaurant Tech may be held responsible for harm to the "parking areas plus any stairs, walkways or other common areas . . . *to the extent that they are utilized by Lessee, or Lessee's employees, visitors or business invites* [sic]." See Compl., Ex. 1 ¶ 18 (emphasis added).[3] As stated above, the third-party complaint contains no allegations that IBA or Atkinson had any special relationship, including that of employee, visitor, or business invitee, with Restaurant Tech. Accordingly, Restaurant Tech has failed to plead a plausible basis

---

[3] The lease is attached as an exhibit to Plaintiff's complaint, which in turn is attached to the third-party complaint. Accordingly, the lease is properly before the court in deciding the motions to dismiss. See Shaw, 82 F.3d at 1220.

4

for finding that it might be held contractually liable for alleged harm by IBA or Atkinson to the premises' common areas. Second, even if Restaurant Tech did have a contractual duty to pay for harm to the common areas caused by entities with which it has no relationship, Restaurant Tech's liability would arise directly from its breach of that contracted-for obligation. Such liability would be direct, not derivative or vicarious.

Because the third-party complaint does not plead facts giving rise to a plausible claim for indemnification upon which relief could be granted, this claim is appropriately dismissed.

### 3. Contribution

Massachusetts law states that "where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them." Mass. Gen. Laws ch. 231B, § 1(a); Dighton v. Fed. Pac. Elec. Co., 506 N.E.2d 509, 512 (Mass. 1987) ("The right to contribution is derivative of the joint liability in tort of the third-party plaintiff and the third-party defendant."). In order to recover in contribution, a tortfeasor "must show that the potential contributor is directly liable to the tort plaintiff." Panagakos v. Walsh, 749 N.E.2d 670, 671 (Mass. 2001).

#### a. Contractual Liability Does Not Give Rise to Contribution

IBA and Atkinson argue that Restaurant Tech's potential liability to Plaintiffs arises principally in contract, not tort, making a claim of contribution unavailable. In opposition, Restaurant Tech cites Wolfe v. Ford Motor Co., 434 N.E.2d 1008 (Mass. 1982), for the proposition that contribution may be available even where liability does not arise in tort.

In Wolfe, the Massachusetts Supreme Judicial Court allowed a claim of contribution where liability was predicated on a breach of the implied warranty of merchantability, reasoning

that the "substantive quality" of the breach of warranty claim was "essentially tort." Id. at 1011. The decision in Wolfe rested on the Massachusetts Supreme Judicial Court's prior finding that "[t]he Legislature has made the Massachusetts law of warranty congruent in nearly all respects with the principles expressed in Restatement (Second) of Torts." Back v. Wickes Corp., 378 N.E.2d 964, 969 (Mass. 1978). Accordingly, Wolfe does not stand for the proposition that Massachusetts law allows claims for contribution in all cases where two parties are liable to a plaintiff under any theory of liability. Rather, Wolfe provides that, where claims are "essentially" tort-like, the court may assess the substance of those claims, rather than their nomenclature, in determining whether contribution is available.

Here, Plaintiffs' claim for breach of lease is contractual in nature. Plaintiffs seek recovery under specific lease terms for an alleged breach of the bargained-for duties found therein. This claim is not essentially one of tort. See Ankiewicz v. Kinder, 563 N.E.2d 684, 686 (Mass. 1990) ("A tort is a civil wrong . . . other than a breach of contract . . . ." (citation and internal quotation marks omitted)). Accordingly, if Restaurant Tech is held liable for breach of lease, it will have no claim of contribution against IBA and Atkinson. Berube v. City of Northampton, 602 N.E.2d 560, 562 (Mass. 1992) ("Without liability in tort there is no right of contribution."); Walter & Shuffain, P.C. v. CPA Mut. Ins. Co., No. 06-cv-10163-NG, 2008 WL 885994, at *3-4 (D. Mass. Mar. 28, 2008).

b. There is No Plausibly Pled Tort Liability for Cooking Oil Harm

Although Restaurant Tech may not seek contribution if it is held liable for a breach of lease, Plaintiffs also asserts claims for waste, Mass. Gen Laws ch. 242, § 1, and trespass. Trespass is a tort. See, e.g., Amaral v. Cuppels, 831 N.E.2d 915, 920 (Mass. 2005). Waste may also sound in tort. See Morad v. Ramos, 116 N.E.2d 137, 138 (Mass. 1953) (referring to a claim

6

of waste as an "action of contract or tort"); Cawley v. N. Waste Co., 132 N.E. 365, 365 (Mass. 1921) (same). If Restaurant Tech is found liable on either of these claims, it could seek contribution from other parties liable to Plaintiffs for the same injury.

In other words, a claim for contribution could potentially arise if Restaurant Tech was held jointly and severally liable in tort for the entirety of a mixed-source harm caused by both cooking oil (the basis of Restaurant Tech's liability) and another substance (the potential basis of IBA or Atkinson's potential liability to Plaintiffs). See Shantigar Found. v. Bear Mountain Builders, 804 N.E.2d 324, 332 (Mass. 2004) (providing for joint and several liability among tortfeasors responsible for a single harm); Panagakos, 749 N.E.2d at 671 (requiring "that the potential contributor is directly liable to the tort plaintiff"). Although Plaintiffs' complaint does not expressly seek damages for harm caused by any other substance, if the damage caused to Plaintiffs by the other substance cannot be severed from the damage caused by cooking oil, Restaurant Tech could have a claim for contribution if its liability encompasses the harm caused by this other substance. See McGrath v. Stanley, 493 N.E.2d 832, 835 (Mass. 1986)

In the instant complaint, however, Plaintiffs seek damages only for harm arising from the disposal and spillage of cooking oil. Nothing in the third-party complaint alleges that the IBA or Atkinson has used, spilled, or disposed of cooking oil. Accordingly, the third-party complaint does not plausibly plead that IBA or Atkinson may be directly liable to Plaintiffs for the harm arising from the disposal or spillage of cooking oil, which is the subject of Plaintiffs complaint. Moreover, nothing in the third-party complaint plausibly alleges that Plaintiffs' alleged harm is caused by an indivisible mix of substances.

Later-discovered facts may suggest that Restaurant Tech has a right to contribution arising from the oil damage and soil staining if that harm is indeed from an indivisible mix of

substances, one of which is cooking oil. Dismissal of this claim, however, will not impede Restaurant Tech's right to seek contribution in the future, should such facts arise.

Restaurant Tech is not prejudiced by this determination. A cause of action for contribution does not accrue until after a tortfeasor has paid more than its fair share of liability to a plaintiff, Spirito v. Hyster New Eng., Inc., 872 N.E.2d 1160, 1162 (Mass. App. Ct. 2007), and the one-year statute of limitations does not begin to run until accrual, see Mass. Gen. Laws ch. 231B, §3(c-d). Accordingly, any right to contribution is, at this time, merely inchoate. See Sword & Shield Restaurant, Inc. v. Amoco Oil Co., 420 N.E.2d 32, 33 (Mass. App. Ct. 1981). Moreover, due to the contingent nature of Restaurant Tech's potential claim for contribution, as well as significant uncertainty that such a claim will indeed arise, the courts finds that any claim for contribution may not yet be ripe for adjudication. See Lincoln House, Inc. v. Durpe, 903 F.2d 845, 847-48 (1st Cir. 1990) (assessing ripeness based on "the extent to which the claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all," and dismissing a claim as unripe where it was "wholly contingent" upon the resolution of a separate action).[4]

If factual developments during the pendency of this suit give rise to a plausible claim for contribution, Restaurant Tech may seek leave to file a third-party complaint against IBA and Atkinson or may bring such a claim in a separate action after a finding of liability. However, the

---

[4] Several courts outside the First Circuit have held that Federal Rule of Civil Procedure 14(a) permits joining third-party defendants on the basis of inchoate claims. See, e.g., Andrulonis v. United States, 26 F.3d 1224, 1233 (2d Cir. 1994); accord Kormylo v. Forever Restorts, LLC, No. 13-cv-511 JM (WVG), 2015 WL 106379, *4 (S.D. Cal. Jan. 6, 2015); Hecht v. Summerlin Life & Health Ins. Co., 536 F. Supp. 2d 1236, 1241 (D. Nev. 2008). Because the Federal Rules of Civil Procedure do not expand the court's jurisdiction, however, a finding that joinder is permissive under Federal Rule of Civil Procedure 14(a) does not answer the separate question of whether a claim is ripe for jurisdictional purposes. See Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of district courts . . . ."); Snyder v. Harris, 394 U.S. 332, 337-38 (1969).

third-party complaint as pleaded fails to plausibly state a claim for contribution against IBA and Atkinson for the harms alleged by Plaintiffs and is appropriately dismissed.

B.  Motion for Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so required." Fed.R.Civ.P. 15(a). This rule "reflects a liberal amendment policy." ACA Fin. Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008). Nonetheless, leave to amend may be properly denied for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendant's motion for leave to amend its Third-Party complaint seeks to add Frageo Enterprises, LLC ("Frageo") as a Third-Party Defendant. See Mot. Leave File Serve Second Am. Third-Party Compl. Add Frageo Enterprises, LLC Third-Party Def. [#38]. The proposed amended third-party complaint does not seek to add any new factual allegations or claims to those previously pled. Compare Am. Third-Party Compl. [#18], with [Proposed] Second Am. Third-Party Compl. [#40-2]. In the absence of any new or amended factual allegations, Restaurant Tech's proposed amendment would be subject to dismissal for the reasons set forth above. Accordingly, Restaurant Tech's motion for leave to add Frageo as a third-party defendant is dismissed as futile.

IV. Conclusion

For the foregoing reasons, it is hereby ordered that:

1. IBA's Motion to Dismiss Amended Third-Party Complaint [#22] is ALLOWED.
2. Atkinson's Motion to Dismiss Amended Third-Party Complaint [#29] is ALLOWED.

9

3. Restaurant Tech's <u>Motion for Leave to File and Serve Second Amended Third-Party Complaint to Add Frageo Enterprises, LLC as a Third-Party Defendant</u> [#38] is DENIED as futile.

4. Restaurant Tech's <u>First Amended Third-Party Complaint</u> [#18] is DISMISSED.

IT IS SO ORDERED.

Date:  May 1, 2015                     <u>/s/ Indira Talwani            </u>
                                        United States District Judge